# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENOR SKYE VILLANUEVA PATINO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MERCED, et al.,<br><br>Defendants. | Case No. 1:18-cv-01468-AWI-SAB<br><br>ORDER RE STIPULATION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION AGAINST DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.<br><br>(ECF Nos. 21, 26, 27, 28) |

On June 24, 2019, Plaintiffs and Defendant California Forensic Medical Group, Inc. ("CFMG") filed what was titled a joint motion to dismiss Plaintiffs' second cause of action against Defendant CFMG. (ECF No. 26.) However, the body of the filed document was in the form of a stipulation of dismissal under Federal Rule of Civil Procedure 41(a), signed by Plaintiffs and Defendant CFMG only. (ECF No. 26.) The Court ordered Defendants County of Merced, Corey Gibson, Aaron Rosenburg, Greg Sullivan, and Vernon Warnke, the other parties who have appeared in this action, to notify the Court whether they consent to or oppose the dismissal of the second cause of action against Defendant CFMG. (ECF No. 27.) On June 26, 2019, Defendants County of Merced, Corey Gibson, Aaron Rosenburg, Greg Sullivan, and Vernon Warnke filed a stipulation consenting to the entry of an order by the Court dismissing Plaintiffs' second cause of action against Defendant CFMG. (ECF No. 28.)

///

1

The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so. See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15]."); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint."); but see Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice."). The Court finds it proper to construe the parties' stipulation to dismiss the individual cause of action as consent to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure. See Hells Canyon Pres. Council, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive distinction.") (quoting Nilssen v. Motorola, Inc., 203 F.3d 782, 784 (Fed. Cir. 2000)). Therefore, the Court will give full effect to the parties' stipulation through a Rule 15 amendment.

Accordingly, IT IS HEREBY ORDERED that pursuant to the parties' stipulation to dismiss Plaintiffs' second cause of action for violation of California Government Code Section 845.6 with prejudice against Defendant California Forensic Medical Group, Inc., the Plaintiffs' operative complaint (ECF No. 21) is DEEMED AMENDED and the second cause of action is no longer alleged against Defendant California Forensic Medical Group, Inc.

IT IS SO ORDERED.

Dated: **June 27, 2019**

UNITED STATES MAGISTRATE JUDGE