# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENOR SKYE VILLANUEVA PATINO, et. al., <br><br>Plaintiffs, <br><br>v. <br><br>COUNTY OF MERCED, et al., <br><br>Defendants. | Case No. 1:18-cv-01468-AWI-SAB <br><br>ORDER DENYING PLAINTIFFS' MOTION TO SEAL PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT OF MINORS' CLAIMS WITHOUT PREJUDICE AND REQUIRING PARTIES TO EITHER FILE RENEWED MOTION TO SEAL OR FILE MOTION FOR MINORS' SETTLEMENT ON PUBLIC DOCKET <br><br>(ECF No. 58) <br><br>SEVEN DAY DEADLINE |

Plaintiffs Elenor Skye Villanueva Patino, a minor, by and through her Guardian ad Litem, Julia Villanueva, and Lillyanna Amelia Patino, a minor, by and through her Guardian ad Litem, Adrianna Lucas Andrade (collectively, "Plaintiffs"), filed this action on October 24, 2018. (ECF No. 1.) On August 13, 2020, the parties attended a settlement conference before Magistrate Judge Kendall J. Newman, at which the parties reached a settlement. (ECF No. 55.) On August 18, 2020, the parties filed a stipulation of dismissal of this action. (ECF No. 56.) On August 19, 2020, because the Plaintiffs in this action are minors, the Court ordered the parties to file a motion for approval of the settlement that complies with Local Rule 202. (ECF No. 57.)

On September 9, 2020, Plaintiffs filed a motion to seal Plaintiffs' motion for approval of settlement of minors' claims. (ECF No. 58.) Plaintiffs proffer that this request and proposed

1  order were served on all parties, and further, the parties conferred and there are no objections to
2  sealing the motion. (ECF No. 58 at 3.) Thus, the request to seal is unopposed.

3  By way of substantive grounds in support of the request to seal, Plaintiffs only state the
4  request is made to "protect the confidentiality of the settlement," and cite one case wherein the
5  Ninth Circuit noted courts "have granted protective orders to protect confidential settlement
6  agreements," Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir.
7  2002). (Mot. 3.) In Phillips, the Ninth Circuit considered whether the magistrate judge erred by
8  ordering a party to produce confidential settlement information during discovery. 307 F.3d at
9  1210. The Ninth Circuit held that the district court may have erred because it was not clear
10 whether court conducted a good cause analysis, noting courts indeed have granted protected
11 orders to protect confidential settlement agreements, and held that if the district court's decision
12 was based on a failure to recognize that lower courts do have such authority, the decision would
13 be erroneous, and remanded the action for the court to conduct a good cause analysis as the
14 record was not clear whether the court had in fact done so. 307 F.3d at 1212. The case did not
15 involve the sealing of the settlement agreement pertaining to the actual action. As discussed
16 herein, the compelling reasons standard applies to sealing the documents in question, not the
17 good cause standard.

18 Pursuant to the Local Rule of the United States Court, Eastern District of California
19 ("L.R."), documents may only be sealed by written order of the Court upon the showing required
20 by applicable law. L.R. 141(a). Courts have long recognized a "general right to inspect and
21 copy public records and documents, including judicial records and documents." Kamakana v.
22 City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner
23 Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records
24 is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents
25 that is not subject to the right of public access because the documents have "traditionally been
26 kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210,
27 1219 (9th Cir. 1989).

28 There are two different standards for sealing documents. First, where the request to seal

addresses "private materials unearthed in discovery," such as discovery or non-dispositive motions, the moving party is required to show that good cause exists to seal the documents. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).

Where documents are accompanying a motion for resolution of disputes on the merits that "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events . . . 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179. The Ninth Circuit has recently found that the focus is not on the dispositive nature of the motion, but whether the motion at issue is more than tangentially related to the merits of the case. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir.), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016).

The undersigned agrees with those courts that find that a request to seal documents attached to a petition for minor's compromise must meet the compelling reasons standard. See Estate of Levingston v. Cty. of Kern, No. 116CV00188DADJLT, 2017 WL 4700015, at *2 (E.D. Cal. Oct. 19, 2017) (denying request to seal petition for approval of minor's compromise because proffered reasons of containing privileged and confidential information, and containing addresses of the settling minors, were not compelling reasons, and such information could be redacted pursuant to Local Rule 140); Ambriz v. CVS Pharmacy, Inc., No. 119CV01391NONEBAM, 2020 WL 4368364, at *2 (E.D. Cal. July 30, 2020) (denying joint application to file minor's compromise under seal because the nature of the action and existence of settlement were already publicly known through the docket, and parties' suggestion that sealing of settlement was necessary because it may be used in the media or as leverage in other litigation were not compelling reasons, and personal and sensitive information could be redacted under Local Rule 140, rather than sealed in its entirety); M.F. v. United States, No. C13-1790JLR, 2015 WL 630946, at *3 (W.D. Wash. Feb. 12, 2015) (applying compelling reasons standard to request to seal documents attached to petition for minor's compromise and denying without prejudice for failing to clearly articulate such reasons); M.P. ex rel. Provins v. Lowe's Companies, Inc., No. 2:11-CV-01985-GEB, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012)

(applying compelling reasons standard to request to seal documents attached to petition for minor's compromise).

The party seeking to have the document sealed must present "articulable facts" identifying the interests that favor secrecy and show that these specific interests overcome the presumption of access because they outweigh the public's interest in understanding the judicial process. Kamakana, 447 F.3d at 1180. The Court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed. Id. at 1178-79. This requires the Court to conscientiously balance the competing interests of the public in accessing the records and the party who seeks to keep the records secret. Id. at 1179. The Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citations omitted). The fact that the parties have agreed to keep information confidential is not a compelling reason to seal court records. Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122, 1138 (9th Cir. 2003.)

Here, Plaintiffs seek to seal the motion for approval of settlement of minor's claims and declaration of Robert J. Schwarts, which have been electronically submitted to the undersigned for review and consideration, and total eighty-nine (89) consecutively paginated pages. Again. by way of substantive grounds in support of the request to seal, Plaintiffs only state the request is made to "protect the confidentiality of the settlement." (Mot. 3.) The Court finds no compelling reasons to seal this information have been presented to the Court. See Estate of Levingston, 2017 WL 4700015, at *2; Ambriz, 2020 WL 4368364, at *2. The Court shall therefore deny the motion without prejudice to refiling. Before renewing the request, the parties should consider whether any privacy interests may be protected by the use of redactions allowed pursuant to Local Rule 140. See Estate of Levingston, 2017 WL 4700015, at *2 ("Some of these items are required to be redacted, at least in part, by Local Rule 140 . . . this information appears on only one page of the submitted material, and does not warrant sealing the entirety of the document . . . the plaintiffs should resubmit this material appropriately redacted in accordance with the Local Rules."); Ambriz, 2020 WL 4368364, at *3 (in denying the motion for absence of compelling

reasons, noting the "parties shall comply with Local Rule 140 regarding privacy concerns and redaction," when submitting the underlying documents, but also informing the parties that they were "not precluded from filing, either individually or jointly, a renewed request to seal to protect the minor's privacy interests.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to seal the motion for approval of settlement of minors' claims and declaration of Robert J. Schwarts (ECF No. 58), is DENIED without prejudice[1]; and

2. The parties shall file either file a renewed motion to seal the motion for minors' settlement, or file the motion for minors' settlement on the public docket with appropriate redactions under Local Rule 140, within seven (7) days of entry of this order.

IT IS SO ORDERED.

Dated: **September 11, 2020**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court finds adjudication by a magistrate judge of this motion appropriate. See L.R. 302(c)(1) ("all stipulations and motions relating to protective orders and sealing documents submitted or filed for hearing before discovery cutoff."); Ambriz, 2020 WL 4368364.

5