# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENOR SKYE VILLANUEVA PATINO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MERCED, et al., <br><br> Defendants. | Case No. 1:18-cv-01468-AWI-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT OF MINORS' CLAIMS <br><br> ORDER VACATING OCTOBER 14, 2020 HEARING <br><br> (ECF Nos. 61, 62, 63) <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**INTRODUCTION**

Currently before the Court is a motion for approval of settlement of minors' claims, filed by Plaintiffs Elenor Skye Villanueva Patino ("Elenor"), a minor, by and through her guardian ad litem, Julia Villanueva, and Lillyanna Amelia Patino ("Lillyanna"), a minor, by and through her guardian ad litem, Adrianna Lucas Andrade (collectively "Plaintiffs"). (ECF No. 61.) The matter was referred to the undersigned for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court, having reviewed the record, including the statements of non-opposition filed by Defendants (ECF Nos. 62, 63), finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously

1

1 scheduled hearing set for October 14, 2020, will be vacated and the parties will not be required
2 to appear at that time.  For the reasons discussed herein, the undersigned recommends Plaintiffs'
3 motion for approval of settlement of minors' claims be granted.

## II.

## BACKGROUND

Plaintiffs are the children of decedent Luis Patino, who died of valley fever at the Merced County Main Jail on September 27, 2017.  Plaintiffs filed this action on October 24, 2018, bringing claims against Defendants County of Merced, Vernon Warnke, Greg Sullivan, Corey Gibson, Aaron Rosenburg, California Forensic Medical Group, Inc. ("CFMG"), Jessica Aguilar, Brandon Boggs, and Amber Nunes (collectively "Defendants"), relating to the death of the decedent.  (ECF No. 1.)

On October 26, 2018, the Court ordered Plaintiffs to file a petition for the appointment of a guardian ad litem.  (ECF No. 4.)  On November 5, 2018, the Court granted petitions appointing Julia Villanueva as guardian ad litem for her minor daughter Plaintiff Elenor Skye Villanueva Patino, and appointing Adrianna Lucas Andrade as guardian ad litem for her minor daughter Plaintiff Lillyanna Amelia Patino.  (ECF Nos. 5, 6, 7, 8.)

Following a stipulation for leave to amend, Plaintiffs filed a first amended complaint on May 1, 2019.  (ECF No. 21.)  On March 3, 2020, the District Judge granted a motion to dismiss as to one of Plaintiffs' claims.  (ECF No. 39.)  On March 17, 2020, Plaintiffs filed a second amended complaint, the operative pleading in this action.  (ECF No. 40.)  The second amended complaint brings claims against all Defendants for: (1) violation of civil rights under 42 U.S.C. § 1983; (2) violation of California Government Code § 845.6; (3) wrongful death; and (4) survival. (Id.)

On March 31, 2020, some of the parties filed a stipulation for dismissal of Plaintiffs' second cause of action as to Defendants CFMG, Jessica Aguilar, Brandon Boggs, and Amber Nunes.  (ECF No. 42.)  On April 6, 2020, the District Judge denied the stipulation as procedurally improper.  (ECF No. 44.)  On April 7, 2020, the parties filed a second stipulation for dismissal of the second cause of action against these defendants, and on April 17, 2020, the

1 District Judge again rejected the stipulation as procedurally improper.  (ECF Nos. 45, 48.)

2         On July 2, 2020, pursuant to a stipulated request by the parties, the Court scheduled a
3 settlement conference to be held before Magistrate Judge Kendall J. Newman.  (ECF Nos. 50.)
4 On August 13, 2020, the parties attended a settlement conference via video conference before
5 Magistrate Judge Newman.  (ECF No. 55.)  The parties settled this action at the settlement
6 conference, with the terms of the settlement placed on the record.  (Id.)

7         On August 18, 2020, the parties filed a stipulation of dismissal pursuant to Federal Rule
8 of Civil Procedure 41.  (ECF No. 56.)  On August 19, 2020, the Court required the parties to
9 instead file a motion for approval of the minors' settlement pursuant to Local Rule 202.  (ECF
10 No. 57.)

11         On September 9, 2020, Plaintiffs filed a motion to seal documents pursuant to Local Rule
12 141.  (ECF No. 58.)  On September 11, 2020, the Court denied Plaintiff's motion to seal without
13 prejudice and ordered Plaintiffs to either file a renewed motion to seal or to file the motion for
14 approval of the minors' settlement.  (ECF No. 60.)

15         On September 15, 2020, Plaintiffs filed the motion for approval of settlement of minors'
16 claims that is the subject of this findings and recommendations.  (Pls.' Mot. Approval
17 Settlement Minors' Claims ("Mot."), ECF No. 61.)  On September 15, 2020, Defendants County
18 of Merced, Vernon Warnke, Greg Sullivan, Corey Gibson, and Aaron Rosenburg, filed a
19 statement of non-opposition to Plaintiffs' motion for approval of settlement of minors' claims.
20 (ECF No. 62.)  On September 16, 2020, Defendants CFMG, Jessica Aguilar, Brandon Boggs,
21 and Amber Nunes, also filed a statement of non-opposition to Plaintiffs' motion for approval of
22 settlement of minors' claims.  (ECF No. 63.)

### III.

### LEGAL STANDARD

25     "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c),
26 to safeguard the interests of litigants who are minors."  Robidoux v. Rosengren, 638 F.3d 1177,
27 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs,
28 this special duty requires a district court to 'conduct its own inquiry to determine whether the

settlement serves the best interests of the minor.' " Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir.1978)).

The Local Rules for this district provide that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." L.R. 202(b). "In actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative." L.R. 202(b)(1).[1] In all other actions, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a persona injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

L.R. 202(b)(2).

"When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c). "Upon the hearing of the application, the representative

---

[1] The Plaintiffs are represented by guardians ad litem appointed in this action, and as indicated in the applications to appoint, Plaintiffs had no general guardian or previous application for appointment of a guardian ad litem. (ECF Nos. 5, 6, 7, 8.)

compromising the claim on behalf of the minor or incompetent, and the minor or incompetent shall be in attendance unless, for good cause shown, the Court excuses their personal attendance." L.R. 202(d).

In Robidoux, the Ninth Circuit cautioned that the typical practice of applying state law and local rules governing the award of attorneys' fees "places undue emphasis on the amount of attorney's fees provided for in settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." 638 F.3d at 1181. District courts should thus "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel— whose interests the district court has no special duty to safeguard." Id.; but see A.G.A. v. Cty. of Riverside, No. EDCV1900077VAPSPX, 2019 WL 2871160, at *2 (C.D. Cal. Apr. 26, 2019) ("Some courts have read Robidoux to suggest it is improper to evaluate the reasonableness of attorneys' fees provisions in proposed settlement agreements of minors' claims . . . The Court declines to adopt this approach.").[2]

The holding of Robidoux was expressly "limited to cases involving the settlement of a minor's federal claims," and the Circuit did "not express a view on the proper approach for a

---

[2] In A.G.A., the court noted the action had "a key distinguishing feature from the facts presented in Robidoux [where] the district court had denied in part the parties' motion to approve the proposed settlement, which included as a material term that plaintiffs' counsel would recover approximately 56% of the settlement amount as attorneys' fees . . . The Ninth Circuit found the district court abused its discretion in denying in part the motion based on the amount of attorneys' fees alone because it placed 'undue emphasis on the amount of attorneys' fees provided for in [the] settlement.' " 2019 WL 2871160, at *3 (quoting Robidoux, 638 F.3d at 1181). The A.G.A. court found that in contrast, the attorneys' fees at issue were not a material term of the settlement agreement, there was no express provision for attorneys' fees, and in approving the settlement, the court thus only considered whether the net amount distributed to each plaintiff was fair and reasonable in light of the facts of the case, the minors' specific claims, and recover in similar cases, as required by Robidoux. 2019 WL 2871160, at *3. The court found the "amount of attorneys' fees at issue here is an independent matter, the obligation arising from the retainer agreements between Plaintiffs and their counsel," and would evaluate the request in light of the special duty to safeguard the interests of the minor litigants, as well as the local rule requiring the court to fix the amount of attorneys' fees in an action involving a minor. Id. The court applied California law to evaluate the request for attorneys' fees pursuant to the local rule, and in line with other district courts throughout California. Id. (citations omitted). The court reduced the attorneys' fees from 33% to 25% of the settlement fund. Id. at *4.

1 federal court to use when sitting in diversity and approving the settlement of a minor's state law
2 claims." 638 F.3d at 1179 n.2. Some district courts have extended the application to state law
3 claims. See Calderon v. United States, No. 1:17-CV-00040-BAM, 2020 WL 3293066, at *3
4 (E.D. Cal. June 18, 2020) (noting that although Robidoux "expressly limited its holding to cases
5 involving settlement of a minor's federal claims . . . district courts also have applied this rule in
6 the context of a minor's state law claims.") (citations omitted); A.G.A., 2019 WL 2871160, at *2
7 n.1 ("The Ninth Circuit did not express a view on the proper approach for a federal court to use
8 when sitting in diversity and approving the settlement of a minor's state law claims . . . however,
9 the Court has federal question jurisdiction and is exercising supplemental jurisdiction over
10 Plaintiffs' state law claims . . . as the case 'involves' the settlement of Plaintiffs' federal claims,
11 the Court applies the Robidoux standard to the entire settlement.").

## IV.

## DISCUSSION

Plaintiffs proffer that in considering the fairness of a settlement of the minors' claims, "federal courts are generally guided by state law," Mitchell v. Riverstone Residential Grp., No. CIV. S-11-2202 LKK, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013). (Mot. 4.) Plaintiffs submit that pursuant to California Code of Civil Procedure § 372(b)(3) and California Rule of Court 3.1384, Judicial Council of California Form MC-350 is mandated for approval of the compromise of the minors' pending action. (Mot. 4.) Accordingly, Plaintiffs have incorporated the following documents into their motion: (A) an MC-350 petition to approve compromise of pending action for Plaintiff Elenor Skye Villanueva (Ex. A, ECF No. 61 at 7); (B) an MC-350 petition to approve compromise of pending action for Plaintiff Lillyanna Amelia Patino (Ex. B, ECF No. 61 at 40); and (C) a declaration of counsel in support of the motion for approval of minors' settlement (Decl. Robert J. Schwartz Supp. Mot. Approval Settlement Minors' Claims ("Schwartz Decl."), Ex. C, ECF No. 61 at 73). (Mot. 4.)

The Court finds Plaintiffs' motion and attached documentation sufficiently sets forth the information required under Local Rule 202. Further, for the reasons explained below, the Court finds the "net amount distributed to each minor plaintiff in the settlement is fair and reasonable,

1  in light of the facts of the case, the minor's specific claim, and recovery in similar cases."
2  Robidoux, 638 F.3d at 1181-82.

3        On August 13, 2020, with the assistance of Magistrate Judge Kendall J. Newman, the
4  parties reached a settlement in the amount of $150,000.00. (Mot. 3.) The settlement, attorneys'
5  fees in the amount of twenty-five percent (25%), and costs, are to be apportioned equally
6  between the two minor Plaintiffs, with the balance used to purchase tax free structured annuities
7  for each Plaintiff payable monthly for ten (10) years beginning at the time each Plaintiff reaches
8  the age of eighteen (18). (Mot. 5; Ex. A-C.) Specifically, the settlement funds will be
9  distributed as follows: (1) $47,513.67 to Plaintiff Elenor; (2) $47,513.67 to Plaintiff Lillyanna;
10 (3) $37,500.00 to Plaintiffs' counsel for attorneys' fees (25%); and (4) $17,472.66 to Plaintiffs'
11 counsel as reimbursement for costs. (Id.)

12       Plaintiffs argue the $150,000.00 settlement is fair and reasonable in light of the facts of
13 the case, the specific claims, and the recoveries in similar cases. (Mot. 5.) Plaintiffs cite Hagan
14 v. California Forensic Med. Grp., No. CIV. S-07-1095 LKK, 2012 WL 5397989, at *1 (E.D. Cal.
15 Nov. 2, 2012). In Hagan, a minor child and surviving widow brought an action alleging the
16 decedent was "incarcerated at the Butte County Jail, where he was denied medication
17 (Prednisone) needed to treat his asthma; was later transferred to the High Desert State Prison,
18 where he was inadequately treated by incompetent staff; and was eventually flown—much too
19 late—to a hospital, where he died." Id. Although the opinion cited by Plaintiffs does not contain
20 the actual settlement amount, it appears the minor ultimately received two annuities approved in
21 two different motions, with $35,000.00 paid by defendant CFMG, and $15,000 by another
22 defendant, for a total of $50,000.00 for the minor plaintiff, after deduction of attorneys' fees.
23 Hagan v. California Forensic Med. Grp., No. 2:07-CV-1095 LKK AC, 2013 WL 461501, at *1
24 (E.D. Cal. Feb. 5, 2013), report and recommendation adopted, No. 2:07-CV-1095 LKK AC,
25 2013 WL 552386 (E.D. Cal. Feb. 12, 2013); Hagan v. California Forensic Med. Grp., 2012 WL
26 5397989, at *1; see also ECF No. 159 filed therein.

27       In Estate of Gautier v. Hickman, et al., No. 2:07-CV-00390-GGH, 2008 LEXIS 49794,
28 2008 WL 2849095, (E.D. Cal. June 27, 2008), the court approved a settlement with a net

7

recovery of $75,000.00 for the minor plaintiff where the parent decedent suffered multiple diabetic seizures and swung in and out of a hypoglycemic coma in prison for several months in 2005 and into 2006 before he died. See Castro v. California, No. 218CV02115KJMEFB, 2020 WL 68580, at *4 (E.D. Cal. Jan. 7, 2020) (discussing Gautier); Hagan, 2012 WL 5397989 (same). The Hagan court also noted in "an arguably comparable case alleging wrongful death (suicide) following medical malpractice, decedent prisoner's family was awarded a verdict of $75,000," Estate of Turner v. County of San Diego, 6–cv–247–MLH (S.D. Cal. November 15, 2007), and other "comparable cases resulted in large verdicts, and others in zero verdicts," Macon v. City & County of San Francisco, 6–cv–4904–SI (N.D. Cal. August 17, 2007) ($225,000 verdict for decedent prisoner's family, for Section 1983, wrongful death and medical malpractice claim); Van Horn v. Heinrich, 8–cv–1622–LJO (E.D. Cal. July 9, 2010) ($0 for prisoner mother for death of her child during child-birth, alleging Section 1983, medical malpractice and wrongful death). Hagan, 2012 WL 5397989, at *1 n.4.

In approving the later portion of the settlement in Hagan, the court also cited the following cases as a basis for approving the settlement: Doe ex rel. Scott v. Gill, No. C 11-4759 CW, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in a § 1983 case involving the shooting and killing of plaintiff's mother by police officers); Swayzer v. City of San Jose, No. C10-03119 HRL, 2011 WL 3471217 (N.D. Cal. Aug. 5, 2011) (approving minor's compromise for net amount of $2,054.17 in a § 1983 case involving the alleged wrongful death of plaintiff's father during his arrest); Estate of Lopez v. Fresno Community Hosp., No. 1:07cv0752 AWI DLB, 2010 WL 502704 (E.D. Cal. Feb.8, 2010) (approving minor's compromise for net amount of $16,601.92 for each minor plaintiff in case involving death of mother at hospital during labor); De Aguilar v. Northern Railroad Passenger Corp. ("Amtrak"), No. 1:02–cv–6527 LJO GSA, 2009 WL 1035221 (E.D.Cal. Apr.17, 2009) (approving minor's compromise for net amount of $10,618.23 in case involving death of minor plaintiff's step-father). Hagan, 2013 WL 461501, at *1.

Plaintiffs' counsel summarizes the Plaintiffs' position of the facts and merits underlying the case as follows:

8

> On June 24, 2017, decedent Luis Patino was incarcerated at the Merced County Main Jail, where he would remain until his death approximately three months later. Defendant California Forensic Medical Group, Inc. contracts with defendant County of Merced to administer medical care and medication at its correctional facilities. During his confinement at the Main Jail, Mr. Patino developed a medical condition requiring treatment: valley fever (coccidioidomycosis), a fungal infection caused by coccidioides. Valley fever is easily diagnosed and treated. In the weeks before his death, Mr. Patino, his family, and cell mates repeatedly complained that he was having chest pain and difficulty breathing. Plaintiffs contend that Defendants were deliberately indifferent, as, inter alia, they failed to diagnose or treat Mr. Patino's illness, instead simply prescribing pain and cold medications. On September 27, 2017, Mr. Patino died of disseminated coccidioidomycosis, the most serious form of valley fever. He was 29 years old.

(Schwartz Decl. ¶ 5.) Counsel proffers that the settlement reached at the conference "was a compromise, as Defendants contended that Plaintiffs' deliberate indifference claim failed because there were no other cases of valley fever at the Merced County Main Jail . . . Defendants provided extensive care to decedent Luis Patino [and] Defendants . . . attacked Plaintiffs' economic damages [arguing] that noneconomic losses were capped at $250,000.00[], pursuant to California Civil Code section 3333.2." (Schwartz Decl. ¶ 10.)

The Court finds these facts demonstrate the legitimate and fair compromise of a dispute, and while the undersigned did not conduct the settlement conference, the fact that the settlement was reached with the assistance of a magistrate judge of this Court adds support to the finding that the proposed settlement is a fair and reasonable resolution of the claims at issue based on the strengths and weaknesses of the case at hand. See Hagan, 2013 WL 461501, at *1 ("The undersigned, having presided over the settlement conference in question and being familiar with the factual allegations of this actions, finds that the net amount of the proposed settlement to be distributed to the minor"). Additionally, all Defendants have signified they hold no opposition to the granting of Plaintiffs' motion and no opposition to approving the proposed settlement agreement. (ECF Nos. 62, 63.)

Attorneys' fees in the amount of twenty-five percent (25%) are the typical benchmark in contingency cases for minors. McCue v. S. Fork Union Sch. Dist., No. 1:10-CV-00233-LJO, 2012 WL 2995666, at *2 (E.D. Cal. July 23, 2012) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney fees in

1   contingency cases for minors, subject to a showing of good cause to exceed that rate."). While
2   the amount of attorneys' fees is a consideration independent of whether the settlement amount is
3   fair and reasonable, Robidoux, 638 F.3d at 1181-82, the Court notes the original retainer
4   agreement specified fees in the amount of thirty-three percent (33%), and counsel has reduced
5   the fees to twenty five percent (25%), separate from the costs incurred in the action, which are
6   independently taken out of each of Plaintiffs' net settlement amount. (Schwartz Decl. ¶ 8.)

7       Based on the recovery in the similar cases cited above, the facts of this case, and the
8   minors' specific claims, the Court finds the net amount of $47,513.67 to be distributed to each
9   Plaintiff to be fair and reasonable, and shall recommend granting Plaintiff's motion for approval
10  of the settlement. See Robidoux, 638 F.3d at 1181-82.

11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

# V.

# RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiffs' motion for approval of settlement of minors' claims (ECF No. 61) be GRANTED and the settlement be APPROVED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the hearing set before the undersigned on October 14, 2020, is HEREBY VACATED.

IT IS SO ORDERED.

Dated:   **October 13, 2020**

UNITED STATES MAGISTRATE JUDGE